**EXHIBIT A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Filed: December 22, 2020

MOHAMMAD HADJARPAKZAD,

     Plaintiff,

 -against-

MACY'S, INC. AND MACY'S CORPORATE SERVICES, INC.,

     Defendants.

INDEX NO.

Plaintiff designates Queens County as the place of trial.

**SUMMONS**

The basis of venue is Plaintiff's residence:
3850 233rd Street
Douglaston, New York

**To the above-named Defendants:**

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service of this summons, or within 30 days after service of this summons is complete if this summons is not personally delivered to you within the State of New York.

In case of your failure to answer this summons, a judgment by default will be taken against you for the relief demanded in the complaint, together with the costs of this action.

Dated: Syosset, New York
   December 22, 2020

**Economou & Economou, P.C.**
Attorneys for Plaintiff
85 Cold Spring Road, Suite 200
Syosset, New York 11791
(516) 682-0010

MACY'S, INC.
151 West 34th Street
New York, New York 10001

MACY'S CORPORATE SERVICES, INC.
151 West 34th Street
New York, New York 10001

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---

MOHAMMAD HADJARPAKZAD,
            Plaintiff,

-against-

MACY'S, INC. AND MACY'S CORPORATE SERVICES, INC.,
           Defendants.

---

INDEX NO.

**VERIFIED COMPLAINT**

Plaintiff, by his attorneys, Economou & Economou, P.C., as and for his Verified Complaint, respectfully alleges, upon information and belief:

1. The plaintiff, MOHAMMAD HADJARPAKZAD, at all times herein mentioned was and still is a resident of the County of Queens and the State of New York.

2. The defendant MACY'S, INC., at all times herein mentioned, was and still is a corporation organized and existing under the laws of the State of New York, with its principal place of business situated in the County of New York and the State of New York.

3. The defendant MACY'S, INC., at all times herein mentioned was and still is a foreign corporation duly licensed and authorized to do business in the State of New York.

4. The defendant, MACY'S, INC., at all times herein mentioned conducted and carried on business in the County of New York and the State of New York.

5. The defendant, MACY'S, INC., at all times herein mentioned was and still is a partnership doing business in the County of New York and the State of New York.

6. The defendant, MACY'S, INC., at all times herein mentioned was and still is a limited liability partnership doing business in the County of New York and the State of New York.

7. The defendant, MACY'S, INC., at all times herein mentioned was and still is a limited liability corporation doing business in the County of New York and the State of New York.

8. The defendant, MACY'S, INC., at all times herein mentioned was and still is a sole proprietorship doing business in the County of New York and the State of New York.

9. At all times herein mentioned, defendant MACY'S, INC. transacted business within the State of New York.

10. At all times herein mentioned, defendant MACY'S, INC. derived substantial revenue from goods used or consumed or services rendered in the State of New York.

11. At all times herein mentioned, defendant MACY'S, INC. expected or should reasonably have expected its acts to have consequences in the State of New York.

12. At all times herein mentioned, defendant MACY'S, INC. derived substantial revenue from interstate or international commerce.

13. The defendant MACY'S CORPORATE SERVICES, INC., at all times herein mentioned, was and still is a corporation organized and existing under the laws of the State of New York, with its principal place of business situated in the County of New York and the State of New York.

14. The defendant MACY'S CORPORATE SERVICES, INC., at all times herein mentioned was and still is a foreign corporation duly licensed and authorized to do business in the State of New York.

15. The defendant, MACY'S CORPORATE SERVICES, INC., at all times herein mentioned conducted and carried on business in the County of New York and the State of New York.

16. The defendant, MACY'S CORPORATE SERVICES, INC., at all times herein mentioned was and still is a partnership doing business in the County of New York and the State of New York.

17. The defendant, MACY'S CORPORATE SERVICES, INC., at all times herein mentioned was and still is a limited liability partnership doing business in the County of New York and the State of New York.

18. The defendant, MACY'S CORPORATE SERVICES, INC., at all times herein mentioned was and still is a limited liability corporation doing business in the County of New York and the State of New York.

19. The defendant, MACY'S CORPORATE SERVICES, INC., at all times herein mentioned was and still is a sole proprietorship doing business in the County of New York and the State of New York.

20. At all times herein mentioned, defendant MACY'S CORPORATE SERVICES, INC. transacted business within the State of New York.

21. At all times herein mentioned, defendant MACY'S CORPORATE SERVICES, INC. derived substantial revenue from goods used or consumed or services rendered in the State of New York.

22. At all times herein mentioned, defendant MACY'S CORPORATE SERVICES, INC. expected or should reasonably have expected its acts to have consequences in the State of New York.

23. At all times herein mentioned, defendant MACY'S CORPORATE SERVICES, INC. derived substantial revenue from interstate or international commerce.

24. At all times herein mentioned, MOHAMMAD HADJARPAKZAD was lawfully upon defendants' premises.

25. At all times herein mentioned, the defendant MACY'S, INC. owned the premises located at 151 West 34th Street, 34th St Entrance Door, New York, NY 100012.

26. At all times herein mentioned, the defendant MACY'S, INC. was one of the owners of the premises located at 151 West 34th Street, 34th St Entrance Door, New York, NY 100012.

3

27. At all times herein mentioned, the defendant MACY'S, INC. was a lessee of the premises located at 151 West 34th Street, 34th St Entrance Door, New York, NY 100012.

28. At all times herein mentioned, the defendant MACY'S, INC., defendant's servants, agents and/or employees operated the premises located at 151 West 34th Street, 34th St Entrance Door, New York, NY 100012.

29. At all times herein mentioned, the defendant MACY'S, INC., defendant's servants, agents and/or employees maintained the premises located at 151 West 34th Street, 34th St Entrance Door, New York, NY 100012.

30. At all times herein mentioned, the defendant MACY'S, INC., defendant's servants, agents and/or employees managed the premises located at 151 West 34th Street, 34th St Entrance Door, New York, NY 100012.

31. At all times herein mentioned, the defendant MACY'S, INC., defendant's servants, agents and/or employees controlled the premises located at 151 West 34th Street, 34th St Entrance Door, New York, NY 100012.

32. At all times herein mentioned, the defendant MACY'S, INC., defendant's servants, agents and/or employees supervised the premises located at 151 West 34th Street, 34th St Entrance Door, New York, NY 100012.

33. On or before December 23, 2019, the defendant MACY'S, INC., defendant's servants, agents and/or employees repaired the premises located at 151 West 34th Street, 34th St Entrance Door, New York, NY 100012.

34. On or before December 23, 2019, the defendant MACY'S, INC., defendant's servants, agents and/or employees inspected the premises located at 151 West 34th Street, 34th St Entrance Door, New York, NY 100012.

35. On or before December 23, 2019, the defendant MACY'S, INC., defendant's servants, agents and/or employees constructed the premises located at 151 West 34th Street, 34th

St Entrance Door, New York, NY 100012.

36. On or before December 23, 2019, the defendant MACY'S, INC., defendant's servants, agents and/or employees designed the premises located at 151 West 34th Street, 34th St Entrance Door, New York, NY 100012.

37. At all times herein mentioned, it was the duty of the defendant MACY'S, INC., defendant's servants, agents and/or employees to maintain said premises located at 151 West 34th Street, 34th St Entrance Door, New York, NY 100012, in a reasonably safe and suitable condition and in good repair.

38. At all times herein mentioned, the defendant MACY'S CORPORATE SERVICES, INC. owned the premises located at 151 West 34th Street, 34th St Entrance Door, New York, NY 100012.

39. At all times herein mentioned, the defendant MACY'S CORPORATE SERVICES, INC. was one of the owners of the premises located at 151 West 34th Street, 34th St Entrance Door, New York, NY 100012.

40. At all times herein mentioned, the defendant MACY'S CORPORATE SERVICES, INC. was a lessee of the premises located at 151 West 34th Street, 34th St Entrance Door, New York, NY 100012.

41. At all times herein mentioned, the defendant MACY'S CORPORATE SERVICES, INC., defendant's servants, agents and/or employees operated the premises located at 151 West 34th Street, 34th St Entrance Door, New York, NY 100012.

42. At all times herein mentioned, the defendant MACY'S CORPORATE SERVICES, INC., defendant's servants, agents and/or employees maintained the premises located at 151 West 34th Street, 34th St Entrance Door, New York, NY 100012.

43. At all times herein mentioned, the defendant MACY'S CORPORATE SERVICES, INC., defendant's servants, agents and/or employees managed the premises located at 151 West 34th Street, 34th St Entrance Door, New York, NY 100012.

44. At all times herein mentioned, the defendant MACY'S CORPORATE SERVICES, INC., defendant's servants, agents and/or employees controlled the premises located at 151 West 34th Street, 34th St Entrance Door, New York, NY 100012.

45. At all times herein mentioned, the defendant MACY'S CORPORATE SERVICES, INC., defendant's servants, agents and/or employees supervised the premises located at 151 West 34th Street, 34th St Entrance Door, New York, NY 100012.

46. On or before December 23, 2019, the defendant MACY'S CORPORATE SERVICES, INC., defendant's servants, agents and/or employees repaired the premises located at 151 West 34th Street, 34th St Entrance Door, New York, NY 100012.

47. On or before December 23, 2019, the defendant MACY'S CORPORATE SERVICES, INC., defendant's servants, agents and/or employees inspected the premises located at 151 West 34th Street, 34th St Entrance Door, New York, NY 100012.

48. On or before December 23, 2019, the defendant MACY'S CORPORATE SERVICES, INC., defendant's servants, agents and/or employees constructed the premises located at 151 West 34th Street, 34th St Entrance Door, New York, NY 100012.

49. On or before December 23, 2019, the defendant MACY'S CORPORATE SERVICES, INC., defendant's servants, agents and/or employees designed the premises located at 151 West 34th Street, 34th St Entrance Door, New York, NY 100012.

50. At all times herein mentioned, it was the duty of the defendant MACY'S CORPORATE SERVICES, INC., defendant's servants, agents and/or employees to maintain said premises located at 151 West 34th Street, 34th St Entrance Door, New York, NY 100012, in a reasonably safe and suitable condition and in good repair.

51. Solely as a result of the defendants' negligence, carelessness and recklessness, MOHAMMAD HADJARPAKZAD was caused to suffer severe and serious personal injuries to mind and body, and further, that MOHAMMAD HADJARPAKZAD was subjected to great physical pain and mental anguish.

52. Written notice of the said dangerous, defective, and unsafe condition was actually given to the person or department authorized to receive such written notice, more than fifteen (15) days prior to this accident, and pursuant to and within the meaning of the law requiring the giving of such notice, and there was a failure and neglect after the giving of such notice, after the fifteen (15) days had elapsed, to repair or remove the said dangerous, defective, and unsafe condition.

53. Written notice of the said dangerous, defective, and unsafe condition was actually given to the defendant MACY'S, INC., or to an agency authorized to receive such written notice on behalf of said defendant, by reason of previous accident or accidents resulting in injury to person or property as a result of the existence of said dangerous, defective, and unsafe condition, with written notice thereof, and there was a failure and neglect after the giving of such notice to repair or remove the said dangerous, defective, and unsafe condition.

54. The defendant MACY'S, INC. caused and created said dangerous, defective and unsafe condition.

55. Written notice of the said dangerous, defective, and unsafe condition was actually given to the person or department authorized to receive such written notice, more than fifteen (15) days prior to this accident, and pursuant to and within the meaning of the law requiring the giving of such notice, and there was a failure and neglect after the giving of such notice, after the fifteen (15) days had elapsed, to repair or remove the said dangerous, defective, and unsafe condition.

56. Written notice of the said dangerous, defective, and unsafe condition was actually given to the defendant MACY'S CORPORATE SERVICES, INC., or to an agency authorized to receive such written notice on behalf of said defendant, by reason of previous accident or accidents resulting in injury to person or property as a result of the existence of said dangerous, defective, and unsafe condition, with written notice thereof, and there was a failure and neglect after the giving of such notice to repair or remove the said dangerous, defective, and unsafe condition.

57. The defendant MACY'S CORPORATE SERVICES, INC. caused and created said dangerous, defective and unsafe condition.

58. By reason of the foregoing, MOHAMMAD HADJARPAKZAD was severely injured and damaged, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are believed to be permanent in nature and duration, and MOHAMMAD HADJARPAKZAD will be permanently caused to suffer pain, inconvenience and other effects of such injuries; MOHAMMAD HADJARPAKZAD incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and MOHAMMAD HADJARPAKZAD will be unable to pursue MOHAMMAD HADJARPAKZAD's usual duties with the same degree of efficiency as prior to this accident, all to MOHAMMAD HADJARPAKZAD's great damage.

59. This action falls within one or more of the exceptions set forth in Section 1602 of the Civil Practice Law and Rules.

60. Due to defendants' negligence, plaintiff is entitled to damages.

## AS AND FOR A
## SECOND CAUSE OF ACTION

61. The Plaintiff restates, reasserts and realleges the facts and allegations set forth in paragraphs numbered "1" through "60" herein, completely as if the same were set forth at great

length once again.

62. That the injuries caused by the Defendants and sustained by Plaintiff necessitated medical expenses by the Defendants and/or his medical insurance carrier.

63. That the injuries caused by the Defendant and sustained by Plaintiff necessitated medical expenses in excess of the basic covered by Plaintiff's medical insurance carrier, and caused the Plaintiff or will cause the Plaintiff to spend money for medical treatment out of his/her own pocket.

64. That under New York State Law, the Defendant(s) are personally liable for any and all medical expenses sustained by the Plaintiff.

65. That the Plaintiff demands reimbursement of this amount paid.

**WHEREFORE**, the plaintiff demands judgment awarding damages, in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with interest and the costs and disbursements of this action, and such other and further relief as to this Court seems just and proper.

Dated: Syosset, New York
December 22, 202

By: Theodore Economou
Economou & Economou, P.C.
Attorneys for Plaintiff
85 Cold Spring Road, Suite 200
Syosset, New York 11791
(516) 682-0010

9

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---

MOHAMMAD HADJARPAKZAD,
                Plaintiff,

-against-

MACY'S, INC. AND MACY'S CORPORATE SERVICES, INC.,
                Defendants.

---

INDEX NO.

**AFFIRMATION OF ADDITIONAL SERVICE CPLR 3215(g)(4)**

Theodore Economou, an attorney admitted to practice in the State of New York, affirms the following under the penalties of perjury:

1. That I am of the law firm of ECONOMOU & ECONOMOU, P.C., the attorneys of record for the plaintiff, and as such am thoroughly conversant with the facts and circumstances herein based upon the contents of the file maintained by this office.

2. I make this affirmation pursuant to CPLR 3215(g)(4) regarding additional notice to the defendant served with process on the Secretary of State.

3. That on December 22, 2020 and pursuant to CPLR 3215(f)(4), I deposited a copy of the Summons & Complaint in the above entitled action, accompanied by a notice (a copy of which is annexed hereto) that service of the Summons & Complaint was made pursuant to Business Corporation Law Section 306(b), enclosed in a first class postpaid wrapper in an official depository under the exclusive care and custody of the United States Postal Service within New York State, and properly addressed to the corporate defendant, at the last known address of that defendant, set forth below:

Macy's, Inc.
151 West 34th Street
New York, New York 10001

Dated: Syosset, New York
       December 22, 2020

                                      THEODORE ECONOMOU

FILED: QUEENS COUNTY CLERK 12/22/2020 01:48 PM
NYSCEF DOC. NO. 1

INDEX NO. 724872/2020
RECEIVED NYSCEF: 12/22/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---

MOHAMMAD HADJARPAKZAD,
          Plaintiff,

-against-

MACY'S, INC. AND MACY'S CORPORATE SERVICES, INC.,
          Defendants.

---

INDEX NO.

**NOTICE PURSUANT TO CPLR 3215(g)(4)**

PLEASE TAKE NOTICE, that copies of the attached Summons and Complaint have been served upon the Secretary of State as agent for the above referenced corporate defendant in accordance with Business Corporation Law Section 306(b) and that further notice of said service is hereby given pursuant to CPLR 3215(f)(4).

Dated: Syosset, New York
      December 22, 2020

                            **By: Theodore Economou**
                            **Economou & Economou, P.C.**
                            Attorneys for Plaintiff
                            85 Cold Spring Road, Suite 200
                            Syosset, New York  11791
                            (516) 682-0010

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---

MOHAMMAD HADJARPAKZAD,

                Plaintiff,

-against-

MACY'S, INC. AND MACY'S CORPORATE SERVICES, INC.,

                Defendants.

---

INDEX NO.

**ATTORNEY'S VERIFICATION**

    Theodore Economou, an attorney duly admitted to practice law in the State of New York, makes the following affirmation under the penalty of perjury:

    I am of the firm of Economou & Economou, P.C., the attorneys of record for the plaintiff.

    I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters, I believe them to be true.

    This verification is made by affirmant and not by plaintiff because he is not in the County of Nassau, which is the County where your affirmant maintains offices.

    The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are correspondence had with the said plaintiff, information contained in the said plaintiff's file, which is in affirmant's possession, and other pertinent data relating thereto.

Dated: Syosset, New York
         December 22, 2020

                                                THEODORE ECONOMOU

FILED: QUEENS COUNTY CLERK 12/22/2020 01:48 PM                INDEX NO. 724872/2020
NYSCEF DOC. NO. 1                                             RECEIVED NYSCEF: 12/22/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
　　　　　　　　　　　Index No.

------------------------------------------------------------

MOHAMMAD HADJARPAKZAD,
　　　　　　　　　Plaintiff,


　　-against-


MACY'S, INC. AND MACY'S CORPORATE SERVICES, INC.,
　　　　　　　　　Defendants.

------------------------------------------------------------


**SUMMONS and VERIFIED COMPLAINT**

------------------------------------------------------------


Economou & Economou, P.C.
Attorneys for Plaintiff
85 Cold Spring Road, Suite 200
Syosset, New York 11791
(516) 682-0010